**United States Bankruptcy Court**
**District of Maryland**

In re:  William Burton                                    Case No_____

              Debtors                                     Chapter____7_____

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named Debtor(s) through Recovery Law Group, APC and that compensation paid to Recovery Law Group within one year before the filing of the petition in bankruptcy, or agreed to be paid to the firm, for services rendered or to be rendered on behalf of the Debtor in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, Recovery Law Group, APC has agreed to accept | $ 1,512.00 |
| Prior to the filing of this statement Recovery Law Group received | $ 1,512..00 |
| Balance Due | $ 0.00 |

2. $ _338_____ of the filing fee has been paid.

3. The source of the compensation paid to Recovery Law Group, APC was:

   [x] Debtor                    [ ] Other (specify)

4. The source of compensation to be paid to Recovery Law Group, APC is:

   [x] Debtor                    [ ] Other (specify)

5. [x] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm

[ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs, disclosure statement, and plan which may be required.
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Other provisions as needed
      Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed;

preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for the avoidance of liens on household goods.

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

Representation of the debtor in any adversary proceeding or dischargeability action, which my firm agrees to provide for an additional attorney fee if the debtor engages the firm to do so. In the event an adversary proceeding or dischargeability action is initiated against the debtor, my firm will represent the debtor in connection with the matter until such time that (i) the debtor informs me that he/she does not wish to litigate the matter, does not wish to be represented by my firm in the matter, or wishes to retain other counsel, and (ii) the court grants me leave to withdraw as counsel for the debtor. If the debtor engages my firm for representation in one of the aforementioned proceedings and agrees to pay an additional fee for such services, I will file a Supplemental Disclosure of Compensation disclosing that fee.

Debtor's acknowledgment of these limitations on the services to be provided by Recovery Law Group is attached.

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

__3/6/2024_____          /s/ ERIC NWAUBANI
**Date**                                                            ERIC NWAUBANI
                                                                    Recovery Law Group
                                                                    In care of: Law Group International Chartered
                                                                    1629 K Street, NW Suite 300
                                                                    Washington, DC 20006
                                                                    202-446-8050
                                                                    enwaubani391@gmail.com
                                                                    enwaubani@recoverylawgroup.com

# SUPPLEMENTAL RETAINER AGREEMENT

**THIS SUPPLEMENTALAGREEMENT** supplements and amends certain Fee Agreement and contract of engagement (hereinafter, the "Retainer Agreement") made and entered into by and between William Burton (hereinafter, referred to as "You"), and RECOVERY LAW GROUP APC a/k/a WAJDA LAW GROUP, APC a/k/a WADJA & ASSOCIATES (hereinafter referred to as the "Firm") effective as of  11 / 01 / 2022.

## I. Amended Scope of Engagement

In addition to the existing Scope of the Retainer Agreement, You further engage the firm to represent You in connection with this chapter 7 bankruptcy case, including:

a. Analyzing your financial situation and rendering advice to You in determining whether to file a petition in bankruptcy.
b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required.
c. Representation at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof.
d. Ensure timely submission to the Trustee of properly documented proof of income, including business reports, when necessary.
e. Timely respond to Trustee inquiries, including those by the United States Trustee's office.
f. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by You.
g. Be available to respond to your questions throughout the term of the case.
h. Prepare, file, and serve timely modifications or amendments to the petition, schedules or statements, when necessary.
i. Prepare, file, and serve necessary motions to buy and sell property and to incur debt.
j. Timely respond to the Trustee's motion to dismiss the case, as appropriate per the specific situation in the case.
j. Timely respond to motions for relief from stay, as appropriate per the specific situation in the case.
k. Prepare, file, and serve all appropriate motions to avoid liens, as necessary.
l. Provide any other legal services necessary for the administration of this case before the bankruptcy court.

## II. What This Supplemental Agreement Covers

This Supplemental Agreement supplements the Retainer Agreement between You and the Firm and except as set forth herein, no other modifications, express or implied, are deemed to be made to the underlying Retainer Agreement.

## III. Additional Disclosures

(a) With the exception of adversary proceedings, appeals, and United States Trustee audits, for which separate arrangements may be made, the Firm or its attorney must represent You in all matters in the bankruptcy case as long as the Firm or its attorney remains counsel of record. This includes defending motions, including motions for relief from stay, and bringing objections to claims and prosecuting motions on your behalf. After the initial engagement, the Firm or its attorney may not demand payments from You as a precondition to doing the work. Notwithstanding the foregoing, the court may, upon prior application, allow the Firm or its attorney to enter a limited appearance, including, but not limited to, representation on a pro bono or reduced fee basis. The Firm or its attorney will file a Disclosure of Compensation with the court, including your written acknowledgment of the foregoing limitations on the services to be provided by the Firm or its attorney.

(b) The Firm or its attorney must remain your counsel of record until one of the following conditions has been satisfied: substitute counsel has entered an appearance and appears as attorney of record for you; the entry of a court order allowing the withdrawal of appearance; or the case is dismissed or closed. The failure to receive payment for services rendered or to be rendered may serve as the basis for the Firm or its attorney to file a motion to withdraw.

## IV. Legal and Filing Fees

For our representation, You have paid a fully earned, flat fee of $1850, which includes any initial court filing fee.

As stipulated in the Retainer Agreement, You have agreed that the fixed flat fees and costs may be deposited into the Firm's operating account. However, You understand that You have the right to require that the fixed flat fees be deposited in an identified trust account until the fees are fully earned. You are entitled to a refund of any amount of the fees deposited that has not been earned in the event the Firm's representation is terminated or the services for which the fees have been paid are not completed.

You hereby understand that the fees will be used to cover the costs of operating the Firm

You hereby agree that the Firm and its attorney provided you with adequate information and reasonably available alternatives, including seeking an independent legal advice and provided you with explanations about risks of depositing the fees in the operating account, including that you will not receive any interest on the fees.

You also understand that you can withdraw your consent at any time before the fees or any part of it is fully earned by providing written notice to the Firm

Please note though, the majority of the required work is done at the front end of the

relationship, and thus making the fees earned.

## V. Client's Understanding of Attorney Representation

You understand you have retained Recovery Law Group, APC d/b/a Wajda Law Group, APC a/k/a Wadja & Associates to represent you in this matter, and Eric Nwaubani, an attorney with the Firm, and who is licensed to practice before the US Bankruptcy Court for the District of Maryland, will be your attorney of record throughout this proceeding.

## VI. No Guarantees or Representations

The Firm has made no representations or guarantees as to any ultimate outcome.

## VII. Advice of Independent Lawyer

**YOU HEREBY ACKNOWLEDGE THE FIRM HAS ADVISED YOU THAT YOU MAY HAVE AN INDEPENDENT ATTORNEY REVIEW THE RETIANER AND THIS SUPPLEMENTAL AGREEMENT AND ADVISE YOU AS TO ALL MATTERS SET FORTH IN BOTH AGREEMNTS**.

I understand and acknowledge I am making an informed decision to choose the Firm to represent me in my bankruptcy matter.

_____          3/2/2024_____
Client:                                             Date

Eric Nwaubani_____          3/8/2024_____
For the Firm:                                       Date

By:

Case 24-12009    Doc 2    Filed 03/08/24    Page 6 of 6